UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21829-ALTMAN

**JULIO AVILES, SR.**,

  *Plaintiff*,

v.

**WARDEN G. HEUETT** and
**ASSISTANT WARDEN J. TAYLOR**,

  *Defendant*.

_____/

## ORDER

The Plaintiff, Julio Aviles, Sr., has filed a civil-rights complaint. *See* Complaint [ECF No. 1]. On January 13, 2025, Aviles, a federal prisoner, sought treatment for "pain an[d] inflamation [sic] . . . on [the] right side of [his] collarbone[.]" *Id.* at 4 (cleaned up). When medical staff ignored Aviles's sick calls, he "submit[ted] a BP-09" grievance form to the Defendants who (Aviles says) *also* haven't responded to him. *Ibid.* Now, his "medical condition is getting worse." *Ibid.* Aviles asks us to "grant any relief" we find appropriate—including "compassionate relief"—because of the prison staff's refusal to treat his medical condition. *Ibid.* Aviles also moved for leave to proceed *in forma pauperis* [ECF No. 3]. After careful review, we **DISMISS** the Complaint for failure to state a claim upon which relief can be granted.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting

its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

A court may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

2

the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

Reading the Complaint liberally, we'll accept that Aviles has advanced two deliberate-indifference claims against Heuett and Taylor. *See* Compl. at 3 (naming the "FCI Miami Warden G. Heuett" and "Assistan[t] Warden J. Taylor" as the Defendants); *id.* at 5 (seeking relief for the "[c]ruel and [u]nusual punishment [by staff] ignoring every single sick call" (cleaned up)). We now dismiss Aviles's Complaint for two reasons. *One*, Aviles hasn't alleged enough facts to state a plausible deliberate-indifference claim. *Two*, Aviles is seeking release from confinement, which isn't available in a civil-rights action.

**I. Aviles's Deliberate-Indifference Claims**

Aviles has failed to state a valid deliberate-indifference claim under the Eighth Amendment. As a preliminary matter, since the Defendants are *federal* officers, we construe Aviles's claim as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, (1971). *See Smith v. Sec'y of Veterans Affs.*, 808 F. App'x 852, 854 (11th Cir. 2020) ("[A]lthough Smith's complaint purports to bring a cause of action under § 1983, because Smith is suing a federal officer, it is construed as a claim brought pursuant to *Bivens*."). "*Bivens* claims are generally limited to the precise circumstances of the . . . Supreme Court cases that have allowed recovery under *Bivens*." *Pole v. Shearer*, 2024 WL 2814506, at *2 (5th Cir. June 3, 2024) (citation omitted). Luckily for Aviles, medical deliberate indifference is one of the types of *Bivens* claims the Supreme Court has allowed. *See Carlson v. Green*, 446 U.S. 14, 20 (1980) (holding that prisoners have "a *Bivens* action against the individual [federal] officials alleged to have infringed their [Eighth Amendment] rights" to adequate medical care (cleaned up)).

In the Eleventh Circuit, a plaintiff asserting an Eighth Amendment claim of deliberate indifference must satisfy three elements. *First*, the plaintiff must show that "the deprivation he allegedly suffered was 'objectively, sufficiently serious,'" which requires him to establish an "objectively serious medical need." *Wade v. McDade*, 106 F.4th 1251, 1255–56 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994)). *Second*, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which means that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Id.* at 1262. But a defendant "cannot be found liable . . . if he responded reasonably to the risk." *Ibid.* (cleaned up). *Third*, "a plaintiff must show causation between the [defendant's] deliberate indifference and his injury." *Ravon v. Talton*, 2023 WL 2238853, at *7 (11th Cir. Feb. 27, 2023). A prisoner's complaint must plausibly allege all three elements to "survive screening

4

under [28 U.S.C. § 1915A]." *Ellard v. Middlebrooks*, 2023 WL 4686022, at *2 (N.D. Fla. June 26, 2023) (Frank, Mag. J.), *report and recommendation adopted*, 2023 WL 4684911 (N.D. Fla. July 21, 2023) (Wetherell, J.). Aviles has failed to meet at least two of these three elements.

*First*, Aviles falls short of alleging an "objectively serious medical need"—the first prong of the deliberate-indifference test. *Wade*, 106 F.4th at 1255. Aviles says that he's had "pain" and "inflammation" on the right side of his collarbone that's now turned into "strong chest pain" and "strong pressure" in the back of his shoulder. Compl. at 4. It's true that, "depending on the circumstances, severe pain that is not promptly or adequately treated can present a serious medical need." *Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019) (citing *McElligott v. Foley*, 182 F.3d 1248, 1255–59 (11th Cir. 1999)). But Aviles hasn't pled *any* facts to support his view that his pain "posed a substantial risk of serious harm if left unattended[.]" *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764–65 (11th Cir. 2020). Without that, we cannot say that his condition is, "objectively, sufficiently serious." *Wade*, 106 F.4th at 1262; *see, e.g.*, *Alvarez v. Lang*, 2016 WL 5369465, at *3 (S.D. Ill. Sept. 26, 2016) (Rosenstengel, J.) (finding that a prisoner's "chronic, residual shoulder pain following the dislocation and re-positioning of his shoulder" was "not the sort of objectively serious injury or medical need that amounts to a denial of the minimal civilized measure of life's necessities" (cleaned up)); *Mata v. Saiz*, 427 F.3d 745, 754 (10th Cir. 2005) ("[S]evere chest pain, a symptom consistent with a heart attack, is a serious medical condition under the objective prong of the Eighth Amendment's deliberate indifference standard."); *cf.* Bilal et al., *The Chest Pain That Never Went Away: A Case of Complex Cardiopulmonary Pathologies in a 64-Year-Old Caucasian Male*, CUREUS, July 17, 2024, at 1, https://pmc.ncbi.nlm.nih.gov/articles/PMC11329334/ ("Chest pain is a common and complex

symptom that can arise from various etiologies, ranging from benign musculoskeletal conditions to life-threatening cardiovascular events").[1]

Having sifted through Aviles's attachments, we *think* he's trying to say that he suffers from fibromyalgia. *See* Diagnóstico Tratamiento Médico "Green Book" Excerpt [ECF No. 1-1] at 2–3 (explaining the pain symptoms typically associated with "fibromialgia"); Mar. 14, 2025 Trulincs Request [ECF No. 1-1] at 10 (notifying medical staff that he needs "the only medication that work[s] for [his] fibromyalgia" (cleaned up)). But Aviles never mentions fibromyalgia in his Complaint, and his exhibits don't suggest that he's ever been formally diagnosed with it. So, in his amended complaint, Aviles must "allege facts that, if proved, could establish that this condition had received some diagnosis by a doctor mandating any particular medical treatment, or was one that was so obvious that even a lay person would easily recognize the need for medical treatment." *Fuentes v. Heller*, 2016 WL 11647410, at *7 (S.D. Fla. Aug. 31, 2016) (White, Mag. J.), *report and recommendation adopted*, 2016 WL 11647407 (S.D. Fla. Oct. 4, 2016) (Rosenberg, J.).

*Second*, even if Aviles's fibromyalgia is a serious medical need—which we don't decide today—his claims against the Defendants fail at the subjective prong of the deliberate-indifference test for two reasons. *One*, Aviles hasn't shown that Assistant Warden Taylor knew *anything* about his medical needs. He simply avers that he "talk[ed] in person with . . . J. Taylor," who made an "empty prom[ise]" to assist him. Compl. at 3 (cleaned up). But "the fact that prison officials may have failed to investigate does not show their knowledge of specific facts from which an inference of a substantial risk of serious harm could be drawn[.]" *Winstead v. Williams*, 750 F. App'x 849, 852 (11th Cir. 2018). "To satisfy the subjective component, a plaintiff must *allege facts* that would allow a jury to conclude that the defendant

---

[1] "Although 'the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process,' we've observed that 'scientific facts' are among 'the kinds of things about which courts ordinarily take judicial notice.'" *Crocker v. Beatty*, 995 F.3d 1232, 1238 n.3 (11th Cir. 2021) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)).

actually knew that the plaintiff faced a substantial risk of serious harm." *Scott v. Miami Dade Cnty.*, 657 F. App'x 877, 883 (11th Cir. 2016) (emphasis added). Aviles never tells us what *exactly* he said to Taylor about his condition or about any urgent need for care.[2]

*Two*, Aviles doesn't explain how either of the Defendants *consciously disregarded* his medical needs. He alleges that there's been "no action tak[en]" on his grievance and that his "medical condition is getting worse." Compl. at 4. But, "[b]ecause proving deliberate indifference requires inferring that a prison official consciously refused to prevent the harm, we require the plaintiff to demonstrate that the prison official possessed *both* knowledge of the danger *and the means to cure it*." *Averhart v. Warden*, 590 F. App'x 873, 875 (11th Cir. 2014) (emphases added); *see also LaMarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993) ("[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." (cleaned up)). Here, we know *nothing* about what steps, if any, the Defendants could've taken to alleviate Aviles's pain, so we cannot say whether they were "aware that [their] *own conduct* caused a substantial risk of serious harm[.]" *Wade*, 106 F.4th at 1262 (emphasis added & cleaned up). For all these reasons, Aviles has failed to state a plausible deliberate-indifference claim.

---

[2] At the same time, Aviles *has* properly alleged Warden Heuett's subjective knowledge. We can infer a prison official's subjective knowledge of a risk when the prisoner files a grievance that "provides a sufficient basis to make the inferential leap that a substantial risk of serious harm" exists. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Here, Aviles attached two documents—a grievance form dated March 6, 2025, and a Trulincs message sent on April 1, 2025—in which Aviles informed Warden Heuett that, for a month-and-a-half, medical staff ignored his worsening pain. *See* Inmate Grievance [ECF No. 1-1] at 15 (sharing that, since February 17, 2025, medical staff ignored his sick calls "about the inflamation [sic] getting worse and pain [spreading] to [his] neck and shoulder" (cleaned up)); Apr. 1, 2025 Trulincs Request [ECF No. 1-1] at 14 (explaining to "Warden of FCI Low" that "medical department [has] been ignoring [his] sick call and denied the proper medication for [his] chronic [f]ibromyalgia" (cleaned up)); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (recognizing that courts may consider "documents attached to a complaint or incorporated in the complaint by reference . . . in ruling on a motion to dismiss").

### II. Aviles's Request for Relief

More fundamentally, the relief Aviles requests isn't available to him. In the Complaint, Aviles doesn't seek money damages. He just asks for "any relief" we deem appropriate, "including compassionate relief." Compl. at 4. And, indeed, Aviles recently sought compassionate release under 18 U.S.C. § 3582(c) in his *criminal* case, where he explained (as he does here) that the "BOP refus[es] to operate or treat[ ]" his various "ongoing health issues." Motion for Reconsideration of Reduction of Sentence, *United States v. Aviles*, No. 15-cr-00181 (M.D. Penn. Feb. 3, 2025), ECF No. 1096 at 3 (cleaned up). A federal judge denied that motion on February 19, 2025. *See* Memorandum, *United States v. Aviles*, No. 15-cr-00181 (M.D. Penn. Feb. 19, 2025) (Mannion, J.), ECF No. 1097 at 10.

It's true that a prisoner's "medical condition" can constitute an "extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(b)(1)(B). But that's true only in his *criminal* case—in a motion under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Moore*, 2022 WL 16707297, at *1 (11th Cir. Nov. 4, 2022) ("As we've said many times, proceedings under [18 U.S.C.] § 3582(c) are criminal in nature and covered by the rules applicable to criminal cases." (cleaned up)). The upshot is that a prisoner's request for release from confinement *isn't* cognizable in a *civil-rights* action. *See Gwin v. Snow*, 870 F.2d 616, 621 (11th Cir. 1989) (reaffirming that a prisoner may not seek "injunctive relief which lessens the period of confinement" in a civil-rights action); *Hurley v. Sec'y, Dep't of Corr.*, 2024 WL 343111, at *5 (M.D. Fla. Jan. 30, 2024) (Scriven, J.) ("It is clear that a prisoner may not seek to reduce his period of confinement pursuant to a civil rights claim." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))). We therefore **DISMISS** Aviles's claims seeking release from confinement.

\*   \*   \*

Having screened the Complaint under 28 U.S.C. § 1915A, we hereby **ORDER AND ADJUDGE** as follows:

8

1. The Plaintiff's claims seeking release from confinement are **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

2. By **May 28, 2025**, the Plaintiff must file an amended complaint correcting the deficiencies identified in this Order. The amended complaint must be no longer than 20 double-spaced pages, must be signed under the penalty of perjury, and must contain a short and plain statement of the Plaintiff's claim for relief, a basis for federal jurisdiction, and a demand for judgment. The amended complaint must also include a separate paragraph for each Defendant, explaining what that Defendant did wrong, and it must present all allegations in numbered paragraphs. The Clerk is **ORDERED** to attach a copy of this Court's form titled "Complaint for Violation of Civil Rights (Prisoner)."

3. The amended complaint must be labeled "Amended Complaint" and must reflect the case number referenced above, so that it will be filed in this case. The Court will only consider the claims raised in the amended complaint, which will be the operative pleading for the rest of this case. The Plaintiff may not incorporate by reference past claims.

4. The Plaintiff's failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

5. The Clerk's Office shall administratively **CLOSE** this case. If the Plaintiff's amended complaint survives screening, the Court will reopen this case once all of the Defendants have been served.

**DONE AND ORDERED** in the Southern District of Florida on May 5, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Julio Aviles, Sr., *pro se*